**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KIMBERLY TAYLOR, )
)
          **Plaintiff,** )
     **vs.** )   **CA 05-263E**
)
SAMPLE NEWS GROUP, LLC )
d/b/a THE CORRY JOURNAL, )
)
          **Defendant.** )

**OPINION**

COHILL, D.J.

Kimberly Taylor has filed this employment discrimination claim against her former employer, Sample News Group, LLC d/b/a The Corry Journal. Count I of the complaint alleges violations of the Pennsylvania Human Relations Act ("PHRA"), as amended, 43 PS §951 *et. seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. § 2000e *et. seq*. Plaintiff avers that she was subjected to a hostile work environment because of her gender. Count II of the complaint asserts a claim of wrongful discharge under Pennsylvania law.

We have jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1441(a).

Before the Court is Defendant's motion for summary judgment on whether Plaintiff timely filed a complaint of discrimination under the PHRA or Title VII (Doc. 11) with supporting brief, appendix, and statement of material facts; Plaintiff's responsive brief and counter-statement of material facts; and Defendant's reply brief. Having now considered the submissions of the parties and the applicable law, for the reasons set forth below we will grant Defendant's motion for summary judgment and dismiss Plaintiff's claims.

**I. Background**

Kimberly Taylor, a female, began working as an account executive with The Corry Journal,

which was owned by Sample News Group, in October of 2000 (Compl. at ¶ 5, 7). Plaintiff asserts that beginning in May 2002, Defendant, through its President, Michael Sample ("Sample") began making advances toward her (Compl. at ¶ 9). Plaintiff reported Sample's advances to Defendant's agents (Compl. at ¶ 13). She believed her employment would be terminated if she did not tolerate Sample's behavior (Compl. at ¶ 16). Plaintiff resigned her employment on May 16, 2003 (Compl. at ¶ 17).

Prior to resigning, Plaintiff contacted attorney Stephen Sebald, Esquire. (Taylor T. 5-6). Sebald provided Plaintiff with a resignation letter on May 15, 2003. (App. A). In August 2003, Plaintiff's counsel notified Defendant that counsel represented Plaintiff. (Doc. 16, ¶ 4).

Sebald requested and received forms from the Pennsylvania Human Relations Commission ("PHRC") to initiate a complaint. He received these forms some time in late April 2003. (Taylor T. 6-7; Sebald T. 19-20). Sebald gave Taylor the documents he had received from the PHRC. (Taylor T. 7; Sebalt T. 19). She did not ask her attorney to file any documents with the PHRC. (Taylor T. 7, 11; Sebald T. 14, 18-20).

Plaintiff prepared the documents for filing with PHRC on her own, and mailed them in May 2003. (Taylor T. 7-8). When she heard nothing from the PHRC by July 2003, Taylor mailed the Commission her only copy of the documents. (Taylor T. 6-8). She did not mail the documents using any method which produced a return receipt or other evidence of the mailing. (Taylor T. 8-9).

When she did not receive a reply by September 2003, Taylor called the Pittsburgh office of the PHRC. (Taylor T. 9). She learned that although the PHRC had a record of attorney Sebald's call requesting that documentation be sent to him, there was no record that the Commission had received Taylor's documents. (Taylor T. 9-10). She was advised of the filing limitation period, and told she should contact an attorney. (Taylor T. 10). Attorney Sebald had no knowledge of Taylor's filing. (Taylor T. 11).

Taylor contacted her current counsel, Christopher J. Kovski, Esquire, on March 24, 2004.

2

(Taylor T. 5, 12). This attorney submitted documents to the PHRC in July 2004, and filed a complaint with the PHRC on August 16, 2004. (Taylor T. 14-16). The PHRC dismissed the complaint as untimely, and found no basis for equitable tolling (Compl. Exhibit A).

Neither Taylor nor her attorneys ever filed a charge with the Equal Employment Opportunity Commission. (Taylor T. 12).

This action followed. By Order dated November 15, 2005, we granted Defendant's motion to take limited discovery on the issue of whether Taylor had complied with all procedural requirements prior to initiating this case. Defendant has now moved for summary judgment on that issue.

## II. Summary Judgment Standard

Summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Childers v. Joseph*, 842 F.2d 689 (3d Cir. 1989). "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of establishing an absence of evidence to support an element of the non-moving party's claim. *Celotex*, 477 U.S. at 325. The non-moving party must then go beyond the pleadings and come forward with affirmative evidence, by affidavit or other information in the factual record, to show that a genuine issue of material fact remains for trial. *Anderson v. Liberty Lobby,* 477 U.S. 242, 256-57; *Williams v. West Chester,* 891 F.2d 458, 460-61 (3d Cir. 1989).

A "genuine issue" is one in which the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 247-49 (1986). A fact is "material" if it might affect the outcome of the suit under the applicable rule of substantive law. *Id.* A court considering summary judgment must examine the entire record in the light most

3

favorable to the non-moving party, and draw all reasonable inferences in its favor. *Id.* at 255. However, Rule 56 "does not permit a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Insurance Co. v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982). The non-moving party must demonstrate the existence of a material fact by supplying sufficient evidence for a reasonable jury to find in its favor.

## III. Analysis

Defendant argues that summary judgment is appropriate because the Plaintiff has not complied with the administrative requirements for filing a timely complaint with either the PHRC or the EEOC, and this failure to file timely complaints prohibits Plaintiff from filing a civil suit in this Court seeking remedies otherwise provided through the PHRC or EEOC. Moreover, the Defendant contends that there is no basis for equitable tolling regarding either the PHRC or EEOC claim.

In response, Plaintiff asserts that she filed her complaint within the statute of limitations of the PHRC because she mailed her letters to PHRC in May 2003 and again in July 2003. Alternatively, Plaintiff argues that putting an employer on notice that one intends to file a complaint with the PHRC has the same legal effect as meeting the PHRC filing deadline. Implicit in Plaintiff's reply brief is the argument that attorney negligence merits equitable tolling. Plaintiff also contends that equitable tolling applies because Defendant has not disproved the defense of laches.

For the reasons detailed below, we agree with the Defendant that summary judgment should be granted and the complaint in this matter dismissed.

## Plaintiff Failed to File a Timely Complaint with the PHRC

To maintain an action under the PHRA, a plaintiff must first file a complaint with the PHRC within 180 days of the alleged act of discrimination. 43 P.S. § 959(h); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). Under 16 Pa.C.S.A. § 42.14(c), a complaint is deemed filed "on the date received by the Commission." A failure to timely file a complaint with

4

the PHRC precludes judicial remedies under the PHRA. *Richardson v. Miller*, 446 F.2d 1247, 1248 (3d Cir. 1971) ("Since [p]laintiff failed to file a charge with the respective Commissions within the appropriate time periods, he is now foreclosed from pursuing the remedies provided by those acts").

The limitations period for filing a complaint with the PHRC started running when Taylor resigned her employment on May 16, 2003, and elapsed in November 2003. Accepting as true Plaintiff's testimony that she mailed two letters to the PHRC in May and July 2003, within the 180 day deadline, it is nevertheless clear that Plaintiff did not file her complaint with the Commission within 180 days of the alleged discrimination. These two letters do not constitute a complaint because there is no record they were ever received by PHRC.

It is undisputed that Plaintiff learned in September of 2003 that the PHRC had not received either of the two letters she mailed. Since her filing deadline did not lapse until November 2003, Taylor still had ample time to file. However, Plaintiff waited until July 2004 before making another attempt to file her complaint. (Taylor, T. 15). In response, PHRC informed Plaintiff that this complaint was not filed within the statute of limitations. (Compl., Exhibit A).

Plaintiff's failure to file an administrative complaint within 180 days of the alleged discrimination forecloses an action or remedy in this Court based on the PHRA.

The complaint in this matter further asserts that Defendant violated Title VII. However, the statute of limitations for filing a complaint with the EEOC is 300 days after the alleged discriminatory event, and in this case the limitations period elapsed in March 2004. It is undisputed that Taylor did not file a complaint with the EEOC. (Taylor T. 12).

Plaintiff's failure to file a timely charge of discrimination with either the PHRC or the EEOC prevents her from suing in this Court for the relief requested in her complaint, unless the statutory deadlines are subject to equitable tolling.

**Plaintiff Does Not Meet The Conditions For Equitable Tolling**

PHRC regulations permit the late filing of a complaint based upon equitable tolling. 43 P.S.

5

§ 962 (e).

The doctrine of equitable tolling permits plaintiffs to sue "after the statutory time period for filing a complaint has expired, if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hospital and Medical Center*, 165 F.3d 236, 240 (3d Cir. 1999). "Sufficiently inequitable circumstances" have been found where a plaintiff received inadequate notice of her right to sue, where a motion for appointment of counsel was pending when the deadline accrued, or where the court has misled the plaintiff into believing that she had met all filing requirements. *Seitzinger*, 165 F.3d at 240 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). The Court of Appeals for the Third Circuit has found equitable tolling to be appropriate "when the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Seitzinger*, 165 F.3d 15 240 (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).

However, the procedural requirements for timely filing are not lightly tolled. Indeed, the Third Circuit has cautioned that "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Seitzinger*, 165 F.3d at 240 (quoting *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986)). Moreover, "[c]ourts generally disfavor equitable tolling where the plaintiff missed the deadline because of a lack of due diligence." *Irwin v. Veterans Affairs*, 498 U.S. 89, 96 (1990).

Plaintiff suggests that the deadline should be tolled because she "had engaged legal counsel whom she thought was competent to handle this matter for her." (Pl.'s Br. Doc. 15 at 4). We note that she admits she did not ask her first counsel to file any papers with the PHRC or the EEOC. Furthermore, an attorney's negligence does not provide cause for equitable tolling. *Seitzinger*, 165 F.3d at 241 (citing *Irwin*, 498 U.S. at 96).

Circumstances where courts have found equitable tolling applies are distinct from the case at hand. Plaintiff's 180 day time period expired in November 2003. Although Plaintiff discovered

6

in September 2003 that the PHRC had no record of receiving the documents Plaintiff mailed, she still waited roughly ten more months before she filed documents with the PHRC in July or August 2004. Regardless of the circumstances surrounding her failure to file in April or July of 2003, Taylor knew that the PHRC had not received a complaint in her case in September 2003, and had ample time to file before the deadline. The delay here is of her own making. We conclude that Taylor has not been subject to "sufficiently inequitable circumstances" and that the deadlines here should not be tolled.

## Laches Does Not Excuse Plaintiff's Failure to File a Timely Complaint

Plaintiff further argues that the time for filing a complaint with the PHRC should be tolled under the doctrine of laches, because the defendant cannot show that it has been unduly prejudiced by the delay. Plaintiff misconstrues the burden of proof for this defense.

The equitable doctrine of laches consists of two elements: "(1) inexcusable delay in bringing suit, and (2) prejudice to the defendant as a result of the delay." *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123, 138 (3d Cir. 2005). When, as in this case, a statute of limitations has expired, a defendant "enjoys the benefit of a presumption of inexcusable delay and prejudice." *Santana Products,* 401 F.3d at 138 (quoting *EEOC v. The Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 80 (3d Cir. 1984)). Therefore, Taylor bears the burden of proving that her delay was both excusable and that it did not prejudice the Defendant. *Santana Products*, 401 F.3d at 138-39 (citing *Gruca v. United States Steel Corp.*, 495 F.2d 1252, 1258-59 (3d Cir. 1974)). The Third Circuit has consistently held that a plaintiff must prove both elements when the limitations period has expired. *Santana Products*, 401 F.3d at 139.

In this case, Taylor has not shown that her delay in filing with the PHRC was excusable. Indeed, she cannot, since she was personally in contact with the PHRC in September 2003, when she learned that her complaint had not been filed, and yet she waited until July 2004, after the period for filing had passed, before finally filing her complaint. Since she has not met the burden of rebutting the presumption that her delay was inexcusable, we need not reach the question of

7

whether this delay has prejudiced the defendant. We conclude that the filing deadline in this case need not be tolled under the doctrine of laches.

## We Decline to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claim

Having awarded summary judgment to the Defendant on Plaintiff's federal claims, we may certainly dismiss the state law claim asserted in Count II without prejudice for lack of subject matter jurisdiction. The plain language of the supplemental jurisdiction statute provides that "[t]he district courts may decline to exercise supplemental jurisdiction . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367 (c). We will exercise our discretion under the statute and dismiss Count II of the complaint.

## IV. Conclusion

For the reasons set forth above, we find that the Plaintiff has failed to file a timely complaint with the PHRC or the EEOC, and that there are no grounds for equitable tolling in this case. No disputed issues of material fact remain as to this question, and we must dismiss Plaintiff's federal claims. We decline to exercise supplemental jurisdiction over her remaining state law claim, and we will grant Defendant's motion for summary judgment (Doc. 11) and dismiss the complaint in this matter.

An appropriate Order follows.

Date  *August 31, 2006*

Maurice B. Cohill, Jr.
Senior United States District Judge

8